**Not for Publication**

JACK A. SHULMAN,

    *Plaintiff*,

v.

FACEBOOK.COM, ET AL.

    *Defendant(s)*.

Civil Action No. 17-764 (JMV)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This case arises from Plaintiff's claims that Defendants censored his political speech on Facebook in violation of the United States Constitution and various statutes. Currently before the Court are Defendants'[1] motions to dismiss *pro se* Plaintiff Jack A. Shulman's First Amended Complaint (D.E. 18, D.E. 33), Plaintiff's motion for sanctions under Federal Rule 11(b) against Defendants CNN, PBS, and NPR (D.E. 32), and Plaintiff's motion for partial summary judgment pursuant to Federal Rule 56(a) (D.E. 49). The Court has considered the parties' submissions[2] and

---

[1] Defendants include Facebook, Inc. ("Facebook"), National Public Radio, Inc. ("NPR"), Cable News Network, Inc. ("CNN"), Public Broadcasting System ("PBS"), and NewsHour Productions LLC ("NewsHour Productions") (collectively, the "Media Defendants").

On May 28, 2017, Defendant NewsHour Productions moved to intervene. D.E. 19. On April 25, 2017, Judge Wettre granted NewsHour Productions' motion to intervene as a Defendant and also allowed NewsHour Productions to join Defendants NPR, CNN, and PBS's motion to dismiss. D.E. 39.

[2] Plaintiff's First Amended Complaint will be referred to hereinafter as "FAC" (D.E. 13); Plaintiff's brief in support of his motion for sanctions against the Media Defendants and opposition to Defendants' motion to dismiss will be referred to hereinafter as "Pl. Opp. Br." (D.E. 32);

has considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1 and finds that Defendants' motions to dismiss (D.E. 18, D.E. 33) are **GRANTED** and that Plaintiff's motions for sanctions (D.E. 32) and partial summary judgment (D.E. 49) are **DENIED**.

## I. FACTUAL BACKGROUND[3]

Plaintiff claims that in February 2017, he posted copies of online news articles on Facebook related to the 2013 conviction of two individuals in Kentucky on terrorism charges in response to news stories by NPR, PBS NewsHour, and CNN. Plaintiff believed that the articles were "false or fake news or meant to smear Presidential advisor Kelly Ann Conway" after Conway publically referred to the "Bowling Green Massacre." FAC at ¶¶ 2, 5-7, 14. Plaintiff believes that the Media Defendants' news stories unfairly targeted Conway. Plaintiff aimed to "set the record straight" about the "Bowling Green Terrorists" with his postings and comments on the Facebook pages of the Media Defendants. *Id.* at ¶¶ 2, 10, 11, 16, 17, 21, 25, 53.

---

Plaintiff's brief in support of his motion for partial summary judgment and brief in opposition to Defendants' motions to dismiss will hereinafter be referred to as "Pl. SJ Br." (D.E. 49).

Defendants CNN, NPR, and PBS's brief in support of their motion to dismiss the amended complaint will be referred to hereinafter as "Media Defs. Br." (D.E. 18); Defendant Facebook's brief in support of its motion to dismiss the amended complaint will be referred to hereinafter as "Def. Facebook. Br." (D.E. 33); Defendants CNN, NPR, NewsHour Productions, and PBS's reply will hereinafter be referred to as "Media Defs. Reply" (D.E. 38); Defendant Facebook's reply to Plaintiff's opposition will be hereinafter referred to as "Def. Facebook Reply" (D.E. 62); Defendants CNN, NPR, NewsHour Productions, and PBS's opposition to Plaintiff's motion for partial summary judgment will hereinafter be referred to as "Media Defs. Oppo." (D.E. 64).

[3] The facts are derived from Plaintiff's First Amended Complaint, as well as the exhibits attached to the First Amended Complaint. The specific factual allegations in the FAC are, at times, unclear. However, when reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff claims that the Media Defendants subsequently reported his posts as "spam" to Facebook. *Id.* at ¶¶ 11, 16, 20, 22, 24, 54, 55. Plaintiff alleges that he received a message on Facebook that stated: "SLOW DOWN! You apparently are using a feature in a manner in which it was not intended" and another message stating "Users have been reporting you for posting SPAM. Your ability to post new comments has been suspended" with copies of Plaintiff's comments on the Media Defendants' new reports. *Id.* at ¶ 53. Plaintiff claims that a later phone conversation with Facebook confirmed that he was suspended for posting "spam." *Id.* at ¶ 53. Plaintiff's "right to post any new comments" was suspended, and he was also not allowed to participate "in certain Online Groups." *Id.* at ¶ 4.

Plaintiff continues that after posting his comments, he was "trolled" and called names by other Facebook users. *Id.* at ¶¶ 54-55. Plaintiff contends that the Defendants "regularly conspire together to oppress opposing opinions and freedom of speech to dissent with respect to their flooding their own opinions, facts or false facts and News on the public," *id.* at ¶ 30, and that the Defendants reported his posts as "spam" because they disagreed with his viewpoint, *id.* at ¶¶ 71-74. Plaintiff argues that the "ever present possibility of being suspended by FACEBOOK.COM . . . hangs over Plaintiff's head like the waiting 'sword of Demosthenes,'" *id.* at ¶ 62, and that the Defendants' actions violated both his constitutional rights and a number of statutes.

## II. PROCEDURAL HISTORY

On February 2, 2017, Plaintiff filed an initial Complaint. D.E. 1. On March 13, 2017, Plaintiff filed an Amended Complaint. D.E. 13. On March 28, 2017, the Media Defendants filed a motion to dismiss the Amended Complaint. D.E. 18. On April 11, 2017, Plaintiff filed a motion for sanctions under Rule 11(b) against Defendants CNN, PBS, and NPR, as well as an opposition to Defendants' motion to dismiss. D.E. 32. On April 13, 2017, Defendant Facebook filed a motion

3

to dismiss the Amended Complaint. D.E. 33. On April 24, 2017, the Media Defendants filed a reply to Plaintiff's opposition. D.E. 38. On April 25, 2017, Defendant NewsHour Productions' motion to intervene and to join the Media Defendants' motion to dismiss was granted. D.E. 39. On May 8, 2017, Plaintiff filed a motion for partial summary judgment and an opposition to Defendant Facebook's motion for summary judgment. D.E. 49. On May 30, 2017, Facebook replied to Plaintiff's opposition. D.E. 62. On May 30, 2017, the Media Defendants filed an opposition to Plaintiff's motion for partial summary judgment. D.E. 64.

### III. STANDARDS OF REVIEW

#### a. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not

compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds him to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

**b. Summary Judgment Standard**

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). In other words, a court's role in deciding a motion for summary judgment is not to evaluate

the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)). Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

## IV. ANALYSIS

Plaintiff first alleges Defendants violated the First, Fourth, Fifth, and Fourteenth Amendments. FAC at ¶¶ 26, 30, 34. Plaintiff next alleges that Defendants violated the Americans with Disabilities Act ("ADA") and New Jersey's Law Against Discrimination ("NJLAD"). *Id.* at ¶¶ 64, 67. Lastly, Plaintiff appears to claim that Defendants engaged in a RICO conspiracy. *Id.* at ¶¶ 64, 67.

### a. Defendants' Motions to Dismiss

#### 1. Constitutional Claims Against All Defendants

Defendants all similarly argue that Plaintiff's FAC fails to state a claim under Rule 12(b)(6) because Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("CDA" and "Section 230") immunizes website publishers from claims arising from exercise of publishing decisions and editorial judgment, and because Defendants cannot violate Plaintiff's constitutional rights because they are not government entities. Media Defs. Br. at 1-2; Facebook Br. at 2-3.

All of Plaintiff's constitutional claims against all Defendants fail as a matter of law because Plaintiff fails to allege that Defendants are state actors.[4] The First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution only applies to *governmental actors* – and does not apply to private parties. *Barr v. Camelot Forest Conservation Ass'n., Inc.*, 153 F. App'x 860, 862 (3d Cir. 2005) ("The First Amendment prohibits governmental, not private, infringement of free speech. . . . Similarly, the Fourteenth Amendment prohibits the state, not private individuals, from depriving any person of a constitutionally protected right.") (citing *Hudgens v. NLRB*, 424 U.S. 507 (1976) and *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)); *Colorado v. Connelly*, 479 U.S. 157, 170 (1986) ("The sole concern of the Fifth Amendment . . . is *governmental* coercion." (emphasis added)).

---

[4] Plaintiff does not include the vehicle by which he brings his constitutional claims. However, neither the First, nor Fourteenth Amendments include implied causes of action. The Fourth and Fifth Amendments do, however, include an implied cause of action against federal governmental actors. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (establishing an implied right of action under the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (establishing an implied right of action under the Fifth Amendment).

Because Plaintiff is proceeding *pro se*, the Court will liberally interpret Plaintiff's pleadings and assume that Plaintiff brings his constitutional claims pursuant to 42 U.S.C. § 1983.

Plaintiff fails to plausibly claim that any of Defendants are state actors.[5] The Court also notes that efforts to apply the First Amendment to Facebook in Section 1983 claims have consistently failed. *See, e.g., Forbes v. Facebook, Inc.*, 2016 WL 676396, at *2 (E.D.N.Y. Feb. 18, 2016) (finding that Facebook is not a state actor for Section 1983 First Amendment claim); *Young v. Facebook, Inc.,* 2010 WL 4269304, at *3 (N.D. Cal. Oct. 25, 2010) (holding that Facebook is not a state actor); *see also Green v. America Online (AOL)*, 318 F.3d 465, 472 (finding that AOL was not a state actor even though "AOL provides a connection to the Internet on which government and taxpayer-funded websites are found, and because AOL opens its network to the public whenever an AOL member accesses the Internet and receives email or other messages from non-members of AOL."). Similarly, courts have rejected the argument that NPR is a state actor. *See Abu-Jamal v. Nat'l Pub. Radio*, 1997 WL 527349, at *4 (D.D.C. Aug. 21, 1997), aff'd, 159 F.3d 635 (D.C. Cir. 1998) ("NPR, therefore, as a matter of law, is not a government instrumentality, and is not a state actor for First Amendment purposes."). Because Plaintiff fails to plausibly allege a claim upon which relief may be granted, Plaintiff's constitutional claims are dismissed without prejudice.[6]

### 2. ADA Claim Against Facebook

The Amended Complaint also seems to allege that Defendant Facebook violated the Americans with Disabilities Act, 42 U.S.C. § 12101. Plaintiff states that "[a]s a Permanently Disabled American, Plaintiff relies upon means of communications and in specific,

---

[5] Plaintiff's opposition cites *Hustler Magazine v. Falwell*, 485 U.S. 46 (1988) for the proposition that "first amendment [sic] cases can involve private citizens and businesses." Pl. Opp. at 6. However, *Falwell* does not hold that private businesses are state actors generally.

[6] Because the Court is dismissing the constitutional claims for failing to plausibly allege that Defendants are state actors, the Court does not reach Defendants' alternate argument concerning the CDA.

FACEBOOK.COM to stay in touch with family, friends, to stay current on and express his opinions and ideas with others. Suspension of Plaintif[f]'s FACEBOOK.COM comment posting right represents an impediment to his supporting his recovery and adapting to his disabilities, over political differences, under the Americans with a [sic] Disabilities Act..." FAC at ¶ 67.

The ADA prohibits different types of discrimination against persons with disabilities. However, beyond the quoted section above, Plaintiff fails to allege any facts relevant to his ADA claim or even specify what part of the ADA Facebook allegedly violated.[7] Again, because Plaintiff fails to plausibly allege a claim upon which relief may be granted, Plaintiff's ADA claim is dismissed without prejudice.

### 3. NJLAD Claim Against Facebook

Plaintiff claims that Facebook violated the New Jersey Law Against Discrimination ("NJLAD") based on Facebook's "prohibition of [Plaintiff's] posting and then FACEBOOK's [sic] silencing of his opinion and disruption of his ability to maintain commerce himself." FAC at ¶ 67. Plaintiff includes a summary of N.J.S.A. 10:5-12, highlighting that the law prohibits discrimination based on "political or religious opinion or belief" and also "credit and business contracts." FAC at ¶ 67.

However, courts have found that the part of the NJLAD cited by Plaintiff – which applies to employment[8] – does *not* protect against discrimination based on political affiliation. *See* N.J.S.A. 10:5-12 (providing the types of discrimination barred under the statute); *Siss v. Cty. of Passaic*, 75 F. Supp. 2d 325, 335 (D.N.J. 1999), aff'd, 234 F.3d 1265 (3d Cir. 2000) (finding that

---

[7] The ADA includes five titles covering the topics of employment, state and local government, public accommodations, telecommunications, and other areas. Here, however, it is unclear how Plaintiff alleges that Facebook violated the ADA.

[8] The Court also notes that Plaintiff does not allege that he was an employee of Facebook.

9

"the NJLAD prohibits employers from discriminating in employment on numerous bases, but these do not include political affiliation."); *Borrello v. Elizabeth Bd. of Educ.*, 2014 WL 3548827, at *3 (D.N.J. July 17, 2014) (dismissing NJLAD hostile workplace claims based on political affiliation because "[w]hile the NJLAD's list of protected classes is extensive, absent from that list is one's political affiliation."). Plaintiff provides no further information describing how the protections under N.J.S.A. 10:5–12 apply to his interactions with Facebook. In other words, the law cited by Plaintiff does not apply to his stated claim, and Plaintiff also fails to plausibly alleged facts to support his claim. Therefore, Plaintiff's ADA claim is dismissed without prejudice.

### 4. RICO Conspiracy Against All Defendants

Plaintiff's FAC also seems to make a vague claim of a RICO conspiracy under the Racketeer Influenced and Corrupt Organizations Act, 18 USC §§ 1961-1965, among all the Defendants.[9] To bring a civil RICO claim in accordance with 18 U.S.C. § 1962, a plaintiff must allege: "(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 166, 173 (D.N.J. 1998). To establish a "pattern of racketeering," a plaintiff must allege "at least two predicate acts of racketeering that occurred within ten years of each other." *Slimm v. Bank of Am. Corp.*, 2013 WL 1867035, at *20 (D.N.J. May 2, 2013). However, Plaintiff does not plead facts directed at any required elements of a RICO

---

[9] Plaintiff's FAC briefly mentions an alleged RICO conspiracy. *See* FAC at ¶¶ 26, 30, 35, 44, 51. In Plaintiff's brief in support of his motion for partial summary judgment and brief in opposition to Defendants' motions to dismiss, Plaintiff includes what he calls "supplemental pleadings" further explaining his claim of a RICO conspiracy, and including new claims alleging violations of the Robinson-Patman Act and "interference with or hate crime against plaintiff's freedom of religion." Pl. SJ Br. at 39-40 (D.E. 49). Plaintiff essentially attempts to amend its FAC with information in its opposition brief, but the Court cannot consider these new allegations. *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) (finding that the court does "not consider after-the-fact allegations in determining the sufficiency of her complaint under Rules 9(b) and 12(b)(6)"). However, Plaintiff can include these claims if he wishes to file a second amended complaint within 30 days, consistent with the Court's order.

claim. Even construing the Plaintiff's pleadings liberally, the Court finds that the FAC fails to allege plausible facts to support a civil RICO conspiracy. As a result, Plaintiff's apparent RICO conspiracy claims are dismissed without prejudice.

### b. Plaintiff's Motion for Summary Judgment

Plaintiff moves for moves for partial summary judgment, however it is unclear what specific claims Plaintiff is referring to. Pl. SJ Br. (D.E. 49). Plaintiff bases his summary judgment motion on the fact that he "has established that he is a 'publisher' both at large and through his d/b/a publication Advances Magazine." Pl. SJ Br. (D.E. 49-1). However, Plaintiff's FAC does not argue that he is a publisher, nor does it mention Advance Magazine. Simply put, Plaintiff has not provided any support for these statements and Plaintiff fails to even identify a cause of action for which he is requesting summary judgment. Moreover, Defendants have not filed an answer in this case and no discovery has been taken. Thus, a motion for a judgment on the pleading pursuant to Rule 12(c) would be premature, much less a motion for summary judgment. Plaintiff has failed to describe the basis for his motion and has certainly not demonstrated that there is an absence of a genuine issue of material fact as to any of his claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Therefore, Plaintiff's motion for partial summary judgment is denied.

### c. Plaintiff's Motion for Sanctions

Plaintiff also requests sanctions pursuant to Rule 11(b), arguing that Defendants' arguments included in their motions to dismiss are frivolous. Pl. Opp. Br. at 33-36 (D.E. 32).[10] Rule 11(b), in part, compels parties to certify that to the "best of the person's knowledge, information, and

---

[10] In Plaintiff's subsequent filing moving for partial summary judgment, Plaintiff seemingly reputes his previous motion for sanctions, stating: "Plaintiff having been threatened by Defendant FACEBOOK with monetary damages if he pleads Rule 11, is not electing to plead for a Rule 11 Sanction herein." Pl. SJ. Br. at 36 (D.E. 49). Plaintiff provides no evidence of threats.

11

belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[11] "The Third Circuit has written that '[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances.'" *Leuallen v. Borough of Paulsboro*, 180 F. Supp. 2d 615, 618 (D.N.J. 2002) (citing *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991)). "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co.*, 930 F.2d at 289 (internal citations and quotations omitted). Furthermore, "the imposition of sanctions for a Rule

---

[11] Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (citation omitted).

Here, it is clear that each of Defendants' arguments in support of their motions to dismiss are not frivolous – in fact, Defendants' arguments merit dismissal of all of Plaintiff's claims. Sanctions are not appropriate here, and therefore, Plaintiff's motion for sanctions is denied.

When dismissing a case brought by a plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, while the Court is dubious about whether Plaintiff can file a second amended complaint with plausible allegations, the Court will nevertheless permit Plaintiff an opportunity to file a second amended complaint because he is proceeding *pro se*. Therefore, the Court shall provide Plaintiff thirty (30) days to file a second amended complaint that cures the deficiencies set forth herein, and meets all other requirements for Section 1983 claims.

## V. CONCLUSION

In sum, Defendants' motions to dismiss (D.E. 18, D.E. 33) are **GRANTED**. Plaintiff's motion for sanctions under Rule 11(b) (D.E. 32) and his motion for partial summary judgment (D.E. 49) are **DENIED**. Plaintiff has thirty (30) days to file a second amended complaint, if he so chooses, consistent with this Opinion.[12] If Plaintiff does not do so, this matter will be dismissed

---

[12] In Plaintiff's motion for partial summary judgment, he attempted to move to include a "RICO Case Statement," "Robinson Patman Act Statement," and a "Religious Discrimination Supplement." The Court did not consider these statements, but as described above, Plaintiff has 30 days to submit a second amended complaint.

with prejudice, which means that Plaintiff will not be able to bring another suit against Defendants based on the facts set forth in his First Amended Complaint. An appropriate Order accompanies this opinion.

**Date:** November 6, 2017

_____
John Michael Vazquez, U.S.D.J.