**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACK A. SHULMAN, | |
| *Plaintiff*, | |
| v. | Civil Action No. 17-764 (JMV) (LDW) |
| FACEBOOK.COM, et al., | **OPINION & ORDER** |
| *Defendant(s)*. | |

**John Michael Vazquez, U.S.D.J.**

This case arises from Plaintiff's claims that Defendants are engaged in a vast conspiracy to stop Plaintiff's media company from using Facebook. Currently pending before the Court are two motions: (1) Defendant Facebook, Inc.'s motion for reconsideration of the Court's August 10, 2018 Order, D.E. 118, granting Plaintiff's motion for leave to appeal *in forma pauperis*, D.E. 120; and (2) Plaintiff's cross-motion to supplement the record on appeal, D.E. 127. The Court reviewed all submissions in support and in opposition of these motions[1] and considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, Defendant's motion for reconsideration is denied, and Plaintiff's motion to supplement the record on appeal is denied.

---

[1] Defendant's brief in support of its motion for reconsideration will be referred to as "Def. Br.," D.E. 120-1); Plaintiff's joint opposition to this motion and brief in support of his motion to supplement the record will be referred to as "Pl. Br. & Opp'n," D.E. 126; Defendant's joint reply to Plaintiff's opposition and opposition to Plaintiff's motion will be referred to as "Def. Reply & Opp'n," D.E. 128; Plaintiff's reply to Defendant's opposition will be referred to as "Pl. Reply," D.E. 129.

## I. BACKGROUND

The Court included an extensive factual background in its July 9, 2018 Opinion dismissing with prejudice Plaintiff's Second Amended Complaint, D.E. 111, which the Court incorporates by reference here. After the Court dismissed Plaintiff's Second Amended Complaint with prejudice, D.E. 111, 112, Plaintiff filed a notice of appeal, D.E. 114, and moved for leave to file the appeal *in forma pauperis*, D.E. 115. Defendant opposed this motion, D.E. 117, and Plaintiff replied, D.E. 119. On August 6, 2018, the Court granted Plaintiff's motion for leave to appeal *in forma pauperis*. D.E. 118 ("Prior Order").

While there are multiple Defendants in this case, only Defendant Facebook, Inc. moved for reconsideration of the Court's August 20, 2018 decision. D.E. 120. Plaintiff opposed this motion, and filed a cross-motion to supplement the record on October 1, 2018. D.E. 127. Defendant opposed Plaintiff's cross motion, and replied to Plaintiff's opposition, on October 8, 2018. D.E. 128. Plaintiff replied to Defendant's opposition of his cross-motion on October 8, 2018. D.E. 129.

## II. STANDARD OF REVIEW

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. The Court issued its Order on August 10, 2018. D.E. 118. Defendant filed its motion for reconsideration on August 20, 2018. D.E. 120. Accordingly, Defendant complied with this time requirement.

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael*

2

*v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted).

Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

## III. ANALYSIS

Reconsideration of *In Forma Pauperis* Grant

Defendant is not arguing an intervening change in law or that new evidence has since become available in support of its motion for reconsideration. Instead, Defendant argues that the Court must correct a clear error of law or prevent manifest injustice. Defendant argues that the Court should reconsider and vacate its grant of *in forma pauperis* status to Plaintiff on appeal because the Court failed to consider whether the appeal was "taken in good faith," as required by 28 U.S.C. § 1915(a)(3). Def. Br. at 1. Defendant cites precedent from the Ninth Circuit in support of this argument. *Id.* (citing *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1995)).

Defendant is largely rehashing the argument that it already made in opposition to Plaintiff's motion for leave to appeal *in forma pauperis*. *See* D.E. 117 at 1-2. The Court considered this

argument at that time; Defendant simply disagrees with the Court's conclusion. This is not grounds for reconsideration.

The Court further finds that Defendant's argument is inconsistent with Third Circuit precedent. The Third Circuit recognizes that

> [w]hile there may be extreme circumstances where such a right [to proceed *in forma pauperis*] should be denied for plain lack of merit, we think that, particularly in *pro se* cases, the right to proceed *in forma pauperis* should generally be granted where the required affidavit of poverty is filed.

*Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (citing *Lockhart v. D'Urso*, 408 F.2d 354, 355 (3d Cir. 1969). In *Lockhart*, the district court denied plaintiff's application to proceed *in forma pauperis* because the action was "plainly without merit"; the Third Circuit reversed. 408 F.2d 354, 355 (3d Cir. 1969). The Circuit reasoned that an approach focusing primarily on economic eligibility "minimizes, to some extent, disparity in treatment based on economic circumstances." *Id.*

Here, Plaintiff is *pro se* and has demonstrated economic ineligibility by filing the appropriate affidavit. D.E. 115. The Court does not find extreme circumstances to exist in this case. *See Taylor v. Robertson*, 703 F. Supp. 392, 393 (E.D. Pa. 1989) (dismissing plaintiff's complaint, which alleged Section 1983 claims against the witnesses who testified against him at trial, as frivolous, but still granting plaintiff's request to proceed *in forma pauperis*). The Court denies Defendant's motion for reconsideration.

Supplementation of the Record

Plaintiff seeks to supplement the record on appeal with "documents [that] are directly relevant to the issues raised by the SAC." Pl. Br. and Opp'n. Although not explicitly stated, the

Court liberally construes *pro se* Plaintiff's filing to be a motion under Federal Rule of Appellate Procedure 10(e)(2), which states:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) *by the district court* before or after the record has been forwarded; or (C) by the court of appeals.

Fed. R. App. P. 10(e)(2) (emphasis added).

However, Rule 10(e) may be used only to "'supplement' a record, not to supply in substance a large new record never before the District Court and never considered by it." *U.S. ex rel. Mulvaney v. Rush*, 487 F.2d 684, 687 (3d Cir. 1973). "The purpose of the rule is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what happened in the District Court." *Id.* at 687 n. 5. The Third Circuit is "not a fact-finding body." *Id.* at 687. The Third Circuit reviews the judgment of the district court with regard to the facts that the parties presented to the district court for consideration in making that decision. *Id.* Thus, Rule 10(e) "may not be used to supplement the record on appeal with evidence never before the district court nor considered by it in rendering its final judgment." *Rivas v. Prospero Equip. Corp.*, No. 17-3028, 2018 WL 4252620, at *8 (E.D. Pa. Sept. 6, 2018) (citing *Mulvaney*, 487 F.2d at 687).

Here, Plaintiff is attempting to supplement the record on appeal with evidence not before this Court when it rendered its decision the motion to dismiss. Plaintiff is, in effect, attempting to insert a Third Amended Complaint on appeal after the Court dismissed with prejudice its Second

Amended Complaint, *see* D.E. 111, 112. This is wholly inappropriate. The Court denies Plaintiff's motion to supplement the record on appeal.[2]

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 4th day of February, 2019,

**ORDERED** that Defendant's motion for reconsideration (D.E. 120) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to supplement the record (D.E. 127) is **DENIED**.

John Michael Vazquez, U.S.D.J.

---

[2] To the extent that Plaintiff is attempting to supplement the district court record and raise new, but related, arguments, Plaintiff is barred from doing so. The Court dismissed Plaintiff's Second Amended Complaint *with prejudice*, "which means that Plaintiff will not be able to bring any future action against Defendants based on the allegations in this case." D.E. 111.